### John Biggins v. E. M. Chandler.

1. ACCOUNTS—*Not to be Adjusted in an Action of Tort.*—Accounts arising out of transactions between the parties to an action in tort can not be adjusted in such action.

2. VERDICTS—*Conclusive upon Questions of Fact.*—Where the evi-

dence is conflicting the verdict of the jury is conclusive upon all questions of fact, if not manifestly against the weight of the evidence or the result of passion or prejudice.

**Action in Tort.**—Trial in the Circuit Court of Knox County; the Hon. GEORGE W. THOMPSON, Judge, presiding. Verdict and judgment for defendant; appeal by plaintiff. Heard in this court at the May term, 1899. Affirmed. Opinion filed July 20, 1899.

DAUGHERTY & HARDY, attorneys for appellant.

WILLIAMS, LAWRENCE & WELSH, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

John Biggins and E. M. Chandler entered into a business arrangement by which Biggins was to buy and sell stock, and Chandler was to furnish the money. Chandler was to receive twenty-five cents per head for cattle sold, fifteen cents for calves and five cents for hogs. Under certain circumstances, as to which the parties are not agreed, Chandler was to be allowed interest on his money. They did business in this manner for about fifteen months. Sometimes Chandler advanced the money by paying drafts drawn upon him by Biggins for cattle purchased, and at other times he deposited money in bank to Biggins' account. Finally Biggins took to drinking badly and his business suffered therefrom. He was in arrears to Chandler over $5,000. Chandler thereupon required of Biggins an inventory of the cattle on hand, and Biggins gave him a statement showing the number of cattle in each of several pastures and the amount of money he had in bank. Chandler thereupon drew the money out of the bank upon checks to which he signed Biggins' name, and seized the cattle and sold them, the most of them to Bigelow and the rest to Wyman. Biggins then brought this action of trespass against Chandler, declaring against him for seizing the cattle and converting them to his own use, and for taking the money, and adding a count for slander and injury to his business reputation, and laying the damages at $5,000. Chandler pleaded not guilty and there was a jury trial, a

verdict of not guilty, and a judgment for Chandler, from which Biggins appeals.

Chandler drew the money from the bank at two different times. He testified Biggins authorized him to draw it and did not question his acts when he told him what he had done, but made a remark of apparent acquiescence. When Chandler drew the first installment he told an officer of the bank he had authority to draw it. Before Chandler drew the second installment the bank reported to Biggins what Chandler had done and he made no objections, except to say that was a queer way to do business. Biggins testified he did not give Chandler authority to draw the money. The conclusion of the jury in favor of Chandler upon this point can not be disturbed.

As to the seizure of the cattle, it is by no means clear, from the evidence, that under the arrangement between the parties Chandler had no interest in them. If he was a part owner their seizure would not subject him to an action of trespass. Biggins participated in the sale by Chandler to Bigelow, urged Chandler to sell, manifested eagerness to have the sale made and fixed the price at which the cattle were sold to Bigelow. Not only should he be estopped by his conduct from questioning that sale, but it tends to show he recognized that Chandler rightfully seized and sold the property. The jury were warranted in finding that Biggins acquiesced in the seizure and sale as justifiable. But there was only one seizure. If it was justifiable, then the only question left concerning the sale to Wyman is whether it was made at a proper time and for a sufficient price. There is evidence tending to show Chandler sold to Wyman after a storm, and when the cattle were not in good condition, and that they were worth more money than Wyman paid. There is other evidence that they brought all they were worth. But if Chandler took the cattle lawfully and had a right to sell them, then the remaining question really is whether Chandler should account to Biggins for what Wyman paid for the cattle, or whether, because of selling them improvidently, he ought to be charged with their real

value. That question can only be properly determined in some action *ex contractu* where the state of the accounts between the parties can be determined. If, for instance, the record justified the conclusion that Chandler should allow Biggins $200 or $300 more than Wyman paid for the cattle, still Biggins ought not to have judgment therefor if he is indebted to Chandler in as large or a larger sum upon a complete settlement of all their dealings. The jury being, as we think, justified in finding from the evidence that Biggins recognized Chandler's right to take and sell the cattle in order to get out of them the money he paid for them, or furnished to pay for them, and acquiesced in such seizure and sale, the controversies arising therefrom can not be adjusted in an action of tort. No proof was offered under the count for slander.

The record is not free from error, but the right of the case is very clearly with Chandler. He had furnished a large sum of money which had been put into these cattle. By the arrangement the proceeds of the cattle were to come into Chandler's hands. Biggins was drinking heavily and he owed others, and there was danger they would take legal proceedings against Biggins and seize the cattle by process of law. Chandler's interests were in jeopardy. All the proceeds of these cattle have gone where, by the arrangement between the parties, they were to go. Unless the cattle were sold to Wyman at too low a price Biggins has not been harmed. Under these circumstances we are of opinion Biggins ought not to recover against Chandler in an action of tort. The judgment is affirmed.